IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JOHN SANDOVAL,** as Guardian of **FLORENTINO "JUNIOR" SANDOVAL,** a protected person, | ) ) ) ) | 7:10CV5003 |
| Plaintiff, | ) ) | **PROTECTIVE ORDER** |
| v. | ) ) | |
| **TACO TOWN, INC.,** a Nebraska corporation and **LARRY AND ROSEMARIE ROSS,** | ) ) ) | |
| Defendants, | ) ) | |

This matter comes before the Court upon the Joint Stipulation for Protective Order of the parties. Upon consideration of the premises and the Joint Stipulation of the parties, as presented to the Court, the Court finds that the Joint Stipulation should be granted.

The Court, being advised in the premises, FINDS and ORDERS:

    1.    Portions of documents, deposition testimony, and other materials produced by the parties might contain confidential information not available in the public domain and shall be considered confidential material at the request of the producing party. The producing party shall designate clearly the portion or portions of any documents or other materials produced that it contends should be kept confidential, by labeling or identifying such portions as "Confidential".

    2.    Documents defined as confidential in Paragraph 1 above shall be revealed only to and used only by:

        a.    This Court, including its staff and jury selected in this case;

        b.    The individual parties to this action and their attorneys together with their paralegals, clerical employees and other staff actually working on this case prior to final disposition of this matter by a court of competent jurisdiction, and only insofar as may be reasonably necessary to prepare for the prosecution or defense of a claim in this case; and

    c. Experts or consultants who may examine confidential materials in connection with discovery and the presentation of evidence in the trial of this case.

    d. Witnesses who are called to testify at trial or depositions in this matter concerning the documents or materials and the information contained therein or witness that might be called to testify.

3. Counsel for each party to this action shall ensure that persons described in Paragraph 2 who received confidential material pursuant to the Protective Order have knowledge of the terms of the Order and agree to be bound by them.

4. Any party may bring before the Court at any time the question of whether particular information designated as confidential is in fact of a confidential nature, as contemplated by the provision of the Protective Order. Until the Court has ruled on any disputed designations of confidentiality, the parties shall treat information and documents properly designated as confidential by another party as confidential. The party asserting confidentiality over a document, including a deposition or trial transcript, or portion thereof, shall bear the burden of establishing that the information contained therein is in fact confidential.

5. Nothing in the Protective Order is intended to limit or otherwise affect the scope of discovery by the parties or the use or admissibility of evidence at trial. Materials subject to the Protective Order may be filed with the Court, provided that any portions of such documents that are designated as confidential are filed under seal and prominently marked: "Information Subject to Protective Order." Parties shall file only the portions of a pleading, motion or brief that contained confidential information with the Court under seal.

6. A party that wishes to designate as confidential material information that is contained in a deposition transcript shall indicate orally at the time of the deposition that it intends to designate all or part of the testimony as confidential. Within seven (7) days after the receipt of the deposition transcript, the designating party shall advise the other parties of the specific portions of the testimony it contends are confidential, unless the parties agree to an extension of that period of

time. Until the period of time for designation has passed, or until the Court has ruled on any disputed designations of confidentiality the parties shall treat the designated portions of any deposition transcripts as confidential.

7. Upon final disposition of this matter by a court of competent jurisdiction or upon conclusion of any settlement, counsel for the parties shall destroy all documents and materials (excluding those comprising any appellate or district court record) that have been designated as "confidential" by another party unless such designation has been ruled improper by the Court including any and all copies in the possession of the party, their employees and representative, experts or consultants. Upon destruction of confidential materials, each party shall provide to each other a "Written Verification" stating that all such confidential documents, materials and information have been destroyed.

8. The Protective Order applies to information contained in the briefs, memoranda, motions or pleadings, or any other documents prepared or filed in this litigation which reveal confidential information contained in documents or materials that have been designated as "confidential" by one of the parties, unless this Court has ruled that such designation was improper. This agreement shall be binding for five years from the date of its execution.

9. Confidential information shall include the following:

   a. Personnel and pay information for current and past employees of Taco Town, Inc.

   b. Drug testing results for current and past employees of Taco Town, Inc.

   c. Proprietary information of Taco Town, Inc. and Larry and Rosemarie Ross to include any tax related information.

Dated this 13th day of December, 2011.

BY THE COURT

s/ Thomas D. Thalken
United States Magistrate Judge